| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>(201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kimberly J. Salomon, Esq.<br>ksalomon@formanlaw.com | |
| In Re:<br><br>CALYPSO ST. BARTH, INC.,<br><br>                Debtor. | Case No.:   17-32231 (VFP)<br><br>Chapter:     7<br><br>Judge:  Hon. Vincent F. Papalia |
| CHARLES M. FORMAN, Chapter 7 Trustee for Calypso St. Barth, Inc.,<br><br>                Plaintiff,<br><br>v.<br><br>MONSERAT DE LUCCA, INC., SALVATORE LIGA & COMPANY, PLLC, SALVATORE J. LIGA, ESQ., and THE STATE OF NEW YORK, OFFICE OF THE STATE COMPTROLLER, OFFICE OF UNCLAIMED FUNDS,<br><br>                Defendants. | Adv. Pro. No. 22- |

**COMPLAINT TO RECOVER PROPERTY OF THE ESTATE
AND FOR VIOLATIONS OF THE AUTOMATIC STAY**

Plaintiff, Charles M. Forman ("Plaintiff"), the chapter 7 trustee for the estate of Calypso St. Barth, Inc. (the "Debtor"), through his attorneys, Forman Holt, as and for his Complaint against the defendants, Monserat De Lucca, Inc., Salvatore J. Liga, Esq, Salvatore Liga & Company,

F0167669 - 1

PLLC, and the State of New York, Office of the State Comptroller, Office of Unclaimed Funds (collectively, the "Defendants"), alleges as follows:

## I. THE PARTIES

1. Plaintiff, Charles M. Forman, is the chapter 7 trustee for the estate of Calypso St. Barth, Inc. and has an address of 365 West Passaic Street, Rochelle Park, New Jersey 07652.

2. Defendant Monserat De Lucca, Inc. ("Monserat De Lucca") is a California corporation and has a principal address of 658 Hill Street, Santa Monica, CA 90405.

3. Defendants Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC are attorneys for defendant Monserat De Lucca and have an address of 16 Fuller Road, Ossining, New York 10562.

4. Defendant State of New York, Office of the State Comptroller, Office of Unclaimed Funds ("State of New York") has an address of 110 State Street, Albany, New York 12236.

## II. FACTUAL BACKGROUND

5. On September 26, 2017, judgment was entered in the amount of $33,404.42 (the "Judgment") in favor of Monserat De Lucca and against the Debtor in the Supreme Court for the State of New York, County of Queens, *Monserat De Luca v. Calypso St. Barth, Inc.* (Index No. 706771-17).

6. On November 1, 2017 (the "Petition Date"), an involuntary bankruptcy petition was filed against the Debtor under chapter 7 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* in the United States Bankruptcy Court for the District of New Jersey.

7. On November 13, 2017, this Court entered an order for relief against the Debtor.

8. On November 13, 2017, the Plaintiff was appointed to serve as the chapter 7 trustee for the Debtor's estate.

F0167669 - 1                                                    2

9. On November 15, 2017, the Debtor provided the Plaintiff with a list of its creditors, which included Monserat De Lucca.

10. On January 11, 2018, the Plaintiff filed a List of Unsecured Creditors (Schedules E/F) on behalf of the Debtor. Monserat De Lucca was listed as a creditor on Schedule F. Monserat De Lucca was also listed on the Creditors' Mailing Matrix. [Docket No. 123].

11. On January 12, 2018, the Plaintiff filed a Notice of Assets and a request for the Clerk of the Court to fix a deadline for creditors to file proofs of claim. [Docket No. 128]. The Clerk of the Court established April 12, 2018 (the "Bar Date") as the deadline for creditors to file claims against the Debtor's estate.

12. On January 14, 2018, the Clerk of the Court served the Notice of Assets and Deadline to File Proof of Claim on all creditors, including Monserat De Lucca. [Docket No. 131].

13. Monserat De Lucca never filed a proof of claim in the Debtor's case.

14. Monserat De Lucca never filed a motion for relief from the automatic stay in the Debtor's bankruptcy case to enforce or pursue collection of the Judgment.

15. On July 1, 2021, the Plaintiff submitted a claim to the State of New York requesting the turnover of all unclaimed funds held by the State of New York on behalf of the Debtor.

16. On July 23, 2021, the State of New York responded to the Plaintiff by letter and acknowledged that it had received and was processing the Plaintiff's claim and request for turnover of unclaimed funds.

17. On October 1, 2021, Monserat De Lucca, through its attorney, Salvatore J. Liga, Esq. of Salvatore Liga & Company, PLLC, filed an Execution with Notice to Garnishee in the Supreme Court of the State of New York, County of Queens, to enforce and collect the Judgment, plus interest of $12,066.77, for a total of $45,471.19.

18. On October 1, 2021, New York City Marshal Ronald Moses issued a Notice of Levy and Sale to the State of New York, which levied upon and demanded the turnover of the Debtor's unclaimed funds in the possession of the State of New York, in furtherance of Monserat De Lucca's judgment collection efforts.

19. At no time did any party serve the Plaintiff with any notice of the execution or levy as required by CPLR §5222(e).

20. On October 12, 2021, in response to the Notice of Levy and Sale, the State of New York turned over the Debtor's unclaimed funds, totaling $12,747.48 (the "Unclaimed Funds"), to New York City Marshal Ronald Moses, via Check No. 72826323.

21. At no time did the State of New York provide notice to the Plaintiff of its receipt of the Notice of Levy and Sale, its intent to disburse the Unclaimed Funds to any other party, or of any competing interests in the Unclaimed Funds.

22. The State of New York disbursed the Unclaimed Funds despite having received prior actual notice of the Debtor's bankruptcy filing, the pending bankruptcy case, and the Plaintiff's interest in the Unclaimed Funds.

23. On April 11, 2022, the Plaintiff sent a letter to Salvatore J. Liga, Esq. informing him that the collection of the Unclaimed Funds violated the automatic stay and demanding the turnover of the Unclaimed Funds. The Plaintiff did not receive a response to his letter.

### III.    JURISDICTION

24. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§105, 362, 541 and 542.

25. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (A), (E), and (O).

26. This adversary proceeding arises under the United States Bankruptcy Code, 11

U.S.C. §101 *et seq.* (the "Bankruptcy Code") and arises in and relates to a chapter 7 case pending in this District. Accordingly, venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## COUNT ONE
### (Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC - For Turnover of Property of the Estate)

27. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint as if set forth at length herein.

28. The Unclaimed Funds consist of property in which the Debtor had a legal or equitable interest as of the commencement of this case.

29. The Unclaimed Funds are property of the estate under 11 U.S.C. §541(a)(1).

30. Upon information and belief, defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC are in possession, custody or control of the Unclaimed Funds.

31. The Unclaimed Funds constitute property that the Plaintiff may use, sell or lease under section 363 of the Bankruptcy Code, are not exempt, and are not of inconsequential value.

32. Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC are required to turn over the Unclaimed Funds to the Plaintiff pursuant to 11 U.S.C. §542(a).

**WHEREFORE,** the Plaintiff demands judgment against Defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC, jointly and severally, on Count One of this Complaint in the amount of $12,747.48, plus interest, attorneys' fees and costs of suit, and such other relief as is just and proper.

## COUNT TWO
### (Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC - For Violations of the Automatic Stay)

33. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint as if set forth at length herein.

34. The Judgment was obtained before the commencement of this case.

35. Collection or enforcement of the Judgment against the Debtor is stayed under 11 U.S.C. §362(a)(2).

36. Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate is stayed under 11 U.S.C. §362(a)(3).

37. Any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case is stayed under 11 U.S.C. §362(a)(6).

38. At no time during the pendency of this case did Defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC request relief from the automatic stay under 11 U.S.C. §362(d).

39. At no time during this case did this Court grant relief from the automatic stay to Defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC.

40. By pursuing collection and enforcement of the Judgment, Defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC willfully violated the automatic stay provisions of 11 U.S.C. §362(a).

41. By collecting the Unclaimed Funds, Defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC willfully violated the automatic stay provisions of 11 U.S.C. §362(a).

42.     The Plaintiff is entitled to recover actual damages, including costs and attorneys' fees, and punitive damages under 11 U.S.C. §362(k)(1).

**WHEREFORE**, the Plaintiff demands judgment against Defendants Monserat De Lucca, Salvatore J. Liga, Esq. and Salvatore Liga & Company, PLLC, jointly and severally, on Count Two of this Complaint in the amount of $12,747.48, plus interest, attorneys' fees, costs of suit, punitive damages, and such other relief as is just and proper.

## COUNT THREE
### (State of New York – for Turnover of Property by a Custodian)

43.     Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint as if set forth at length herein.

44.     The State of New York was a custodian of the Debtor's unclaimed funds pursuant to McKinney's Consolidated Laws of New York Annotated, Abandoned Property Law §101 *et seq*.

45.     The State of New York received actual notice of the Debtor's bankruptcy filing and the Plaintiff's interest in the Unclaimed Funds on or about July 1, 2021.

46.     The State of New York acknowledged receipt of the Plaintiff's request for turnover of the Unclaimed Funds on July 23, 2021.

47.     Despite having actual knowledge of the Debtor's bankruptcy filing and the Plaintiff's interest in the Unclaimed Funds, the State of New York disbursed the Unclaimed Funds to the Debtor's pre-petition creditor in violation of 11 U.S.C. §543(a).

**WHEREFORE**, the Plaintiff demands judgment against the State of New York on Count Three of this Complaint in the amount of $12,747.48, plus interest, attorneys' fees, costs of suit, and such other relief as is just and proper.

## COUNT FOUR
### (State of New York – for Violations of the Automatic Stay)

48. Plaintiff repeats and realleges the allegations contained in the prior paragraphs of this Complaint as if set forth at length herein.

49. At no time did the State of New York request relief from the automatic stay under 11 U.S.C. §362(d).

50. At no time did this Court grant relief from the automatic stay to the State of New York.

51. The disbursement of the Unclaimed Funds by the State of New York to the New York City Marshal constitutes a willful violation of the automatic stay provisions of 11 U.S.C. §362(a)(2), (3) and (6).

52. The Plaintiff is entitled to recover actual damages, including costs and attorneys' fees, and punitive damages under 11 U.S.C. §362(k)(1).

**WHEREFORE**, the Plaintiff demands judgment against the State of New York on Count Four off this Complaint in the amount of $12,747.48, plus interest, attorneys' fees, costs of suit, punitive damages, and such other relief as is just and proper.

                                                FORMAN HOLT
                                                Attorneys for Plaintiff

Dated: May 10, 2022          By:    /s/ Kimberly J. Salomon
                                                  Kimberly J. Salomon, Esq.